United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLEY ANN MOORE, et al.,

        Plaintiffs,

    v.

TARGET CORPORATION,

        Defendant.

Case No. 16-cv-02725 NC

**ORDER GRANTING IN PART AND DENYING IN PART TARGET'S MOTION TO DISMISS**

Re: Dkt. No. 33

Defendant Target Corporation moves to dismiss Scott Moore's claim for loss of consortium and Kimberley Moore's prayer for punitive damages. Dkt. No. 33 at 1. The Court finds the addition of Scott Moore's loss of consortium claim impermissible, and that the prayer for punitive damages was sufficiently alleged. Accordingly, the Court GRANTS IN PART and DENIES IN PART Target's motion to dismiss.

**I.   BACKGROUND**

On November 30, 2013, plaintiffs visited their local Target store in Hollister, California. Dkt. No. 29, First Amended Complaint (FAC) at 2. While shopping in the produce aisle, Kimberley Moore slipped on mushrooms that had spilled on the floor, falling "hard" onto hands and knees. *Id.* Mrs. Moore alleges that as a result of her fall, she "underwent knee replacement surgery, extended medical treatment, and months of physical therapy." *Id.* Lastly, Mrs. Moore claims to have "suffered excruciating pain" resulting from a now "permanent" injury, alleges to still suffer pain, and now requiring a cane to

Case No. 16-cv-02725 NC

1    walk.  *Id*.  With respect to punitive damages for Target's alleged negligence, Mrs. Moore

2    alleges: "TARGET acted with reckless, willful or conscious disregard for KIM MOORE'S

3    rights and with malice, fraud or oppression toward KIM MOORE, thereby entitling KIM

4    MOORE to an award of punitive damages in accordance with proof at trial."  *Id*. at 3-4.

5          Mrs. Moore originally filed this case in Santa Cruz County Superior Court on

6    November 25, 2015, but Target removed the case to federal court on May 19, 2016, under

7    diversity jurisdiction.  Dkt. Nos. 1, 1-1 at 1.  The operative complaint is the first amended

8    complaint, alleging (1) negligence; (2) negligent hiring, supervision, or retention of

9    employees; (3) premises liability; and (4) loss of consortium for Scott Moore.  The loss of

10   consortium claim was not in the original complaint.  Dkt. No. 1.  The Moores pray for

11   various damages, including punitive damages.  *Id*. at 5.  All parties consented to the

12   jurisdiction of a magistrate judge.  Dkt. Nos. 8, 12, 42.

## II.   LEGAL STANDARD

14         A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

15   sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a

16   motion to dismiss, all allegations of material fact are taken as true and construed in the

17   light most favorable to the non-movant.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-

18   38 (9th Cir. 1996).  The Court, however, need not accept as true "allegations that are

19   merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re

20   Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need

21   not allege detailed factual allegations, it must contain sufficient factual matter, accepted as

22   true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

23   550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw

24   the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft

25   v. Iqbal*, 556 U.S. 662, 678 (2009).

26         If a court grants a motion to dismiss, leave to amend should be granted unless the

27   pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203

28   F.3d 1122, 1127 (9th Cir. 2000).

Case No. 16-cv-02725 NC                    2

*United States District Court*
*Northern District of California*

### III.  DISCUSSION

Target moves to dismiss Scott Moore's loss of consortium claim as barred by the applicable statute of limitations, and Mrs. Moore's prayer for punitive damages on the basis that she has not alleged conduct sufficient to sustain punitive damages.  Dkt. No. 33.

### A.     The Loss of Consortium Claim Is Time-Barred.

Target argues that because cases in diversity apply the substantive law of the state in which the district court sits, Moore's loss of consortium claim is subject to California's two-year statute of limitations for personal injury claims.  Dkt. No. 4-5 (citing Cal. Code Civ. P. § 335.1).  The Moores do not dispute the state statute of limitations; rather, they argue the loss of consortium claim "relates back" to the filing of their original complaint under Federal Rule of Civil Procedure 15.  Dkt. No. 34 at 2-3.

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc*., 518 U.S. 415, 427 (1996).  Statutes of limitations constitute substantive law, so a federal court must apply the applicable state statute of limitations. *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945).  Yet Federal Rule of Civil Procedure 15, governing relation back, states in part that "an amendment to a pleading relates back to the date of the original pleading when:"

> (A) the law that provides the applicable statute of limitations allows relation back; [or]
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading[.]

Fed. R. Civ. P. 15(c)(1).  The Advisory Committee Notes regarding Rule 15(c)(1) provide:

> If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits. *Walker v. Armco Steel Corp.,* 446 U.S. 740 (1980). If federal jurisdiction is based on a federal question, the reference may be to the law of the state governing relations between the parties.  [citation]  In some circumstances, the controlling limitations law may be federal law. [citations] Whatever may be the controlling body of limitations law, if *that* law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.  [citation].

United States District Court
Northern District of California

1    (emphasis added).  The Advisory Committee Note demonstrates that where "the

2    controlling body of limitations law" is the "more forgiving principle of relation back," then

3    that body of law should be available to save the claim.

4          The Court located no binding precedent addressing the issue before it: whether

5    plaintiffs before a district court in diversity may apply Federal Rule of Civil Procedure

6    15(c)(1) to avoid the statute of limitations under California state law.  The Ninth Circuit

7    has held that where the relevant statute of limitations arises from state law for parties in a §

8    1983 case (i.e., a case before a district court under federal question jurisdiction), a court

9    must "consider both federal and state law and employ whichever affords the more

10   permissive relation back standard." *Butler v. Nat'l Cmty. Renaissance of California*, 766

11   F.3d 1191, 1201 (9th Cir. 2014).  That is not the case before the Court now. *But see*

12   *Kauffman-Stachowiak v. Omni Hotels Mgmt. Corp.*, No. 15-cv-05186 WHO, 2015 WL

13   9025512, at *2 (N.D. Cal. Dec. 16, 2015) (applying *Butler*'s test for parties in district court

14   on the basis of diversity jurisdiction).

15         Here, the Court follows the guidance of the Advisory Committee, and finds that the

16   controlling body of law is California law, because the case is before the Court in diversity,

17   not federal question jurisdiction as in *Butler*.  Loss of consortium was not originally stated

18   as a claim, it was added in the First Amended Complaint, filed on September 16, 2016,

19   more than two years after the accident, and after the deadline set by California Code of

20   Civil Procedure § 335.1.  Dkt. Nos. 1-1, 29.

21         Next, the Court considers whether, under California law, the loss of consortium

22   claim may relate back to the filing of the original complaint.  Under California law, loss of

23   consortium claims are independent claims that do not relate back to an earlier filing date.

24   *Bartalo v. Superior Court*, 51 Cal. App. 3d 526, 533 (1975).  This is because such a claim

25   is a different source of legal liability, as the "[t]he elements of loss of society, affection and

26   sexual companionship are personal to [the spouse] and quite apart from a similar claim of

27   the" other spouse.  *Id*.  Accordingly, based on California law, the loss of consortium claim

28   is time-barred.  Because any amendment by Scott Moore would be futile, the dismissal of

Case No. 16-cv-02725 NC                4

1    the loss of consortium claim is with prejudice.

2    **B.    Kim Moore Sufficiently Alleges Punitive Damages.**

3    Where no contractual violation is involved, punitive damages may be obtained

4    "where it is proven by clear and convincing evidence that the defendant has been guilty of

5    oppression, fraud, or malice." Cal. Civ. Code § 3294(a).  However, at the pleading stage

6    in federal court, the plaintiff need not meet a heightened pleading standard to have a claim

7    for punitive damages survive.  Section 3294 provides the substantive law for awarding

8    punitive damages, but "California's heightened pleading standard irreconcilably conflicts

9    with Rules 8 and 9 of the Federal Rules of Civil Procedure—the provisions governing the

10   adequacy of pleadings in federal court. [citation]  Specifically, Rule 8(a) requires only that

11   Plaintiff's Complaint include 'a short and plain statement of the claim showing that

12   [Plaintiff] is entitled to relief, and . . . a demand for judgment for the relief [he] seeks.'"

13   *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000), *accord Rees v.*

14   *PNC Bank, N.A.*, No. 14-cv-05232 LHK, 308 F.R.D. 266, 273-74 (N.D. Cal. 2015)

15   (allowing allegations that defendants' "actions were malicious and willful; in conscious

16   disregard of the rights and safety of Plaintiff in that the actions were calculated to injure

17   Plaintiff" to survive a motion to strike even though they might be "conclusory and

18   unsupported").

19   Here, the complaint states: "TARGET acted with reckless, willful or conscious

20   disregard for KIM MOORE'S rights and with malice, fraud or oppression toward KIM

21   MOORE, thereby entitling KIM MOORE to an award of punitive damages in accordance

22   with proof at trial." FAC at 3-4.  These allegations are both "conclusory and

23   unsupported," however, for purposes of a motion to dismiss, they survive. *Clark*, 106 F.

24   Supp. 2d 1018-19; *Rees*, 308 F.R.D. at 274.

25   **IV.  CONCLUSION**

26   Because the Court finds that the California statute of limitations applies, and that

27   Kim Moore adequately alleged punitive damages, the Court GRANTS IN PART and

28   DENIES IN PART Target's motion to dismiss.  The Court terminates the claim by Scott

Case No. 16-cv-02725 NC                    5

United States District Court
Northern District of California

1   Moore.  The Court ORDERS Target to answer the Amended Complaint by Kim Moore

2   within 14 days.

3

4        **IT IS SO ORDERED.**

5

6   Dated:  December 13, 2016                    _____

7                                                NATHANAEL M. COUSINS
                                                 United States Magistrate Judge

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 16-cv-02725 NC                6